STATE OF MAINE                                    SUPERIOR COURT
AROOSTOOK, ss                                     DOCKET NO. CV-15-211


Anthony Pinette                          )
                        Plaintiff        )
                                         )
                                         )
vs.                                      )        ORDER ON MOTION
                                         )
                                         )
                                         )
Patrons Oxford Insurance Company         )
                        Defendant        )

Pending before the court is the Defendant's Motion to Substitute Megan Lagasse As Defendant in Name Only and to Separate and Sequence Issues for Trial. For the reasons set forth herein, the court denies this motion.

The facts relevant to the motion are as follows. In December of 2015, Megan Lagasse was operating a motor vehicle when it collided with a motor vehicle that Anthony Pinette was operating. As a result of that motor vehicle accident, Mr. Pinette suffered personal injuries. At the time of the accident, Ms. Lagasse had a motor vehicle liability insurance policy with Allstate Insurance Company in effect. Her carrier paid compensation to the Plaintiff pursuant to that policy and the Plaintiff released Ms. Lagasse from further personal liability.

At the time of the accident, the Defendant Patrons Oxford Insurance Company provided underinsured motorist coverage for the benefit of Mr. Pinette. The parties agree, that in order for the Plaintiff to recover pursuant to the terms of that policy, the Plaintiff must prove that Ms. Lagasse was negligent; that her negligence was a proximate cause of damage to Mr. Pinette and that those damages were in excess of the Allstate policy limits.

The Plaintiff brought this underinsured motorist action directly against the Defendant insurer. Neither party has taken any action to subject Ms. Lagasse to the jurisdiction of the court. The Defendant asks the court to Order that Ms. Lagasse be identified as the defendant "in name only" in any subsequent trial proceedings before the jury. The Defendant insurer argues that requiring it to proceed with the litigation in its own name exposes it to the potential bias of jurors inclined to focus more on an insurance company's "deep pockets" than on the issue of Ms. Lagasse's legal responsibility for the underlying accident.

In support of its position, the Defendant argues that there is no justiciable controversy that exists between it and the Plaintiff because at present it has no legal responsibility to pay underinsured motorist damages to anyone and that until there

1

is at least a threshold determination of liability for Ms. Lagasse, a direct suit against it is premature. The Defendant also contends that prosecuting this claim directly against it, unfairly introduces the issue of insurance coverage into the litigation and risks distracting the jury from the central question of whether or not Ms. Lagasse was negligent and whether or not her negligence caused injury to Mr. Pinette at the time of the accident.

The Plaintiff opposes the motion. It appears to the court that Maine law[1] allows the Plaintiff to bring his action as he has done. It also appears to the court that this litigation is not substantially different from any other litigation in which a claimant prosecutes a claim for underinsured motorist coverage directly against an insurance carrier and that such litigation is customarily prosecuted against such carriers with the insurance company as the named defendant. It also seems to the court that if potential juror bias is a controlling consideration, there is as much risk that the jury's verdict might be unfairly diminished by an assumption that Ms. Lagasse had only "shallow pockets" as it would be enhanced by an assumption that the Defendant had "deep pockets."

The court is simply not persuaded that the Plaintiff's suit does not present a justiciable controversy or is otherwise premature or not supported by statute or case law. The parties agree that there is no controlling Maine law that expressly authorizes the Defendant to substitute Ms. Lagasse as the named defendant at trial[2]. The Defendant points to M.R.Civ.P. 42 as authority for the court to order separate trials on separate issues in order to promote the interests of justice and to avoid prejudice but this court does not find the rule persuasive in the circumstances of this case. While the Maine Rules of Evidence and Maine case law clearly indicate that the existence or non-existence of *liability* insurance should not be introduced before the jury in contested negligence litigation, there is simply no prohibition against suing an insurance company to enforce contractual rights to underinsured motorists benefits.

In this court's view, the Defendant's fears of juror bias are more imagined than real[3]. Courts routinely give limiting instructions to juries and among other things remind jurors that artificial persons, such as corporations, hospitals, partnerships, and insurance companies all enjoy the same equal standing before the

---

[1] See 24-A §2902(1)

[2] The court notes that M.R.Civ. P. 17 permits an insurer to prosecute subrogation litigation in the name of its insured rather than in its own name, even if the insured does not seek to participate. In such cases however, the insurer is promoting its own contractually acquired rights but, must give notice to the insured that it intends to do so to afford the insured the opportunity to join in the litigation should he/she have any interest in doing so. In the present case, the Defendant does not seek to advance any rights it shares with Ms. Lagasse, it simply seeks to disguise its identity based on fear of potential juror bias.

[3] Maine motorists have been required to have motor vehicle liability insurance for more than a quarter century. Surely, the over whelming majority of Maine's driving public, including most jurors, are aware of the likely presence of insurance coverage in a motor vehicle accident situation.

2

court, as do individual persons. At trial of this matter, there will be no evidence presented regarding insurance coverage including the amount of any such coverage. There will be no argument drawing the jury's attention to the fact that the defendant is an insurance company. The court expects that this case will be presented as a basic contract claim where the jury will be asked to determine specific narrow questions regarding whether Ms. Lagasse was negligent or not and in the event of an affirmative finding, to determine the amount of any damages caused by her negligence. This court has confidence that a jury will follow its instructions and can address these questions without bias or prejudice for or against either party.

The entry shall be: The Defendant's motion is denied.

Date: March 23, 2017

Active Retired Justice, Superior Court